IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST S. EDWARD HAUSNER, t/a SKYLINE LOUNGE, 789 DOWD AVENUE, ELIZABETH, NEW JERSEY HOLDER OF PLENARY RETAIL CONSUMPTION LICENSE C-111 (FOR 1969-70 LICENSE PERIOD AS EXTENDED FOR 1970-71 LICENSE PERIOD) ISSUED BY THE CITY COUNCIL OF THE CITY OF ELIZABETH.

Superior Court of New Jersey
Appellate Division

Submitted September 22, 1971—Decided September 27, 1971.

Before Judges KILKENNY, LABRECQUE and LANE.

*Mr. Theodore Cohen,* attorney for appellant S. Edward Hausner (*Mr. Anthony X. Arturi,* on the brief).

*Mr. George F. Kugler, Jr.,* Attorney General, attorney for respondent Division of Alcoholic Beverage Control (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Bertram P. Goltz, Jr.,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

LANE, J. A. D. Licensee appeals from a 50-day suspension of its license based upon possession of contraceptives and obscene literature on its premises.

The licensee was charged:

1. On August 27, 1969, you allowed, permitted and suffered in and upon your licensed premises and had in your possession obscene, indecent, filthy, lewd, lascivious and disgusting printings, writings and pictures; in violation of Rule 17 of State Regulation No. 20.
2. On August 27, 1969, you possessed prophylactics against venereal disease and contraceptives and contraceptive devices, in and upon your licensed premises; in violation of Rule 9 of State Regulation No. 20.

### Rule 17 of State Regulation 20 provides:

No licensee shall allow, permit or suffer in or upon the licensed premises or have in his possession or distribute or cause to be distributed any obscene, indecent, filthy, lewd, lascivious or disgusting recording, printing, writing, picture or other matter.

### Rule 9 of State Regulation 20 provides:

No licensee, except bona fide pharmacies to the extent that they may be duly authorized by law, shall sell, distribute or possess, or allow, permit or suffer the sale or distribution, or the possession for the purpose of sales or distribution of any prophylactic against venereal disease or any contraceptive or contraceptive device, either chemical or mechanical, or possess, allow, permit or suffer any mechanical device for such sale or distribution, in or upon the licensed premises or any other premises used in connection therewith.

On August 27, 1969, shortly after 3 P.M., an agent of ABC with three law enforcement officers entered the licensed premises on a specific assignment to investigate an allegation that there was stolen liquor on the premises. No stolen liquor was found. At the conclusion of the search for the stolen liquor, the agent inspected a small office area. In a filing cabinet he found three books entitled *Photographic Manual of Sexual Intercourse, Oral Love* and *Variations in Love Making*. From a safe he seized a partially used tube of Ortho vaginal jelly, an Ortho diaphragm and three male

contraceptives. In a center drawer of the desk he found and seized three catalogs: a 48-page color catalog entitled "Adult Catalog"; a 4-page color catalog bearing the legend "Save 25%", and a 24-page color catalog entitled "Breathtaking Full Color Adult Catalog." Licensee admitted that all of the items seized were his except the diaphragm and jelly which he asserted were his wife's.

The Director concluded that the three books did not come within the proscription of Rule 17 of State Regulation 20 and found the licensee not guilty as to those items. As to the catalogs he found that they were pornographic, "portraying nude persons in sexually suggestive poses and positions of a smutty nature, geared to appeal to the passions of the viewer, and they therefore are obscene, indecent, filthy, lewd, lascivious and disgusting printings, writings and pictures within the meaning of of Rule 17 of State Regulation No. 20." He did not consider it a defense that the materials were merely retained after being received in the mail without solicitation. He ruled that the Division did not have to prove that a licensee possessed such materials with intention to display them to customers. The Director found that the evidence charging the licensee with possession of prophylactics and a contraceptive device was uncontradicted.

The licensee argues that in view of present-day mores the items found to be obscene are not in fact obscene. We have examined the original exhibits and in our opinion the Director's finding that the items were obscene is amply supported. It must be remembered that the standards to be applied are more narrow than the definition of "obscenity" under the First Amendment. *Cf. In re Club "D" Lane, Inc.*, 112 *N. J. Super.* 577, 580 (App. Div. 1971) ; *Jeanne's Enterprises, Inc. v. State Dept. of Law, etc.*, 93 *N. J. Super.* 230, 232 (App. Div.), aff'd o. b. 48 *N. J.* 359 (1966).

The licensee challenges the validity of Rules 9 and 17 insofar as they are absolute prohibitions, arguing that they are therefore unreasonable. Rule 9 prohibits contraceptives and contraceptive devices regardless of the purpose

for which they are held or the intent of their use. The purpose of the rule is obvious. The Director has promulgated it to avoid all possible connection of these items with the sale of alcoholic beverages. It cannot be said that an absolute prohibition is not a reasonable means of accomplishing this purpose to fit the public need. *Cf. Mazza v. Cavicchia,* 15 *N. J.* 498, 505 (1954). Compare *One Eleven Wines & Liquors, Inc. v. Div. Alcoholic Bev. Cont.,* 50 *N. J.* 329 (1967), dealing with civil rights of patrons.

The result in analyzing Rule 17 is essentially the same. The Director has promulgated a rule absolutely prohibiting the possession of obscene literature by a licensee. This is for the purpose of having no connection of such material with the sale of alcoholic beverages. Licensee argues that the prohibition should only be applied when this connection is established. However, an absolute prohibition is reasonably useful for this purpose and can be upheld.

Licensee is essentially arguing that Rules 9 and 17 as interpreted and enforced may harm an innocent licensee. Regardless of the validity of this assertion, the Director may nevertheless so enforce these rules for they are a reasonable means by which a legitimate policy of the Division can be enforced. *Cf. Murphy's Tavern, Inc. v. Davis,* 70 *N. J. Super.* 87 (App. Div. 1961); *McFadden's Lounge v. Div. of Alcoholic Bev. Control,* 33 *N. J. Super.* 61 (App. Div. 1954).

Licensee has not sustained his very heavy burden of proving that the rules as they have been promulgated or as they have been enforced are unreasonable. Since the rules are reasonable, the finding of licensee's violations was proper. The finding of a violation of the rules by the licensee was proper even though there was no indication of an intent at wrongdoing on the part of the licensee. As long as a violation of a valid rule is shown, a finding of guilt of, and the imposition of a suspension on, a licensee is proper regardless of his intent or motives. *Grant Lunch Corp. v. Driscoll,* 129 *N. J. L.* 408, 410–411 (Sup. Ct.), aff'd 130

*N. J. L.* 554 (E. & A. 1943), *cert.* den. 320 *U. S.* 801, 64 *S. Ct.* 431, 88 *L. Ed.* 484 (1944).

The conclusions and order of the Director, Division of Alcoholic Beverage Control, are affirmed and the stay of the imposition of the penalty granted by us on motion is vacated. The matter is remanded to the Division of Alcoholic Beverage Control for the implementation of the suspension.